# EXHIBIT 13

# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

VIVIAN M. ARIAS
DIRECT DIAL: (212) 751-3325
EMAIL: Vivian.Arias@tklaw.com

900 THIRD AVENUE
20TH FLOOR
NEW YORK, NEW YORK 10022
212.751.3001
FAX 212.751.3113
www.tklaw.com

AUSTIN
DALLAS
FORT WORTH
HOUSTON
NEW YORK

ALGIERS
LONDON
MEXICO CITY
MONTERREY

June 9, 2020

**NOTICE OF DEFAULT / DEMAND TO CURE**

LIC Hotel Property LLC
c/o JSDMJ LLC
77 Cuttermill Road
Great Neck, New York 11021
Attention: Jacob Rad

*VIA FEDEX NO. 770661935470
AND VIA FIRST CLASS CERTIFIED MAIL,
POSTAGE PREPAID, RETURN RECEIPT
REQUESTED NO. 70191120000059205248*

Re: Securitization: WFCM 2016-C36
Greystone Loan No.: 2314
Borrower: LIC Hotel Property LLC
Property: 39-06 30th Street, Long Island City, New York 11101

Ladies and Gentlemen:

Thompson & Knight LLP is legal counsel to Noteholder[1] in connection with the Loan.[2]

The right to receive payments due under the Note, and the outstanding indebtedness evidenced by the Note, are secured by the liens, security interests, terms and provisions contained within the Loan Documents.[3] Pursuant to certain assignments, endorsements, and/or transfers of the Loan Documents,

---

[1] **"Noteholder"** means Wilmington Trust, National Association, as Trustee For The Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2016-C36, Commercial Mortgage Pass-Through Certificates, Series 2016-C36, acting by and through the Special Servicer (defined below).

**"Special Servicer"** means Greystone Special Servicing, not individually but solely in its authorized capacity as special servicer pursuant to that certain Pooling and Servicing Agreement, dated August 1, 2018.

[2] **"Loan"** means the debt evidenced by the Note (defined below).

**"Note"** means that certain Amended, Restated and Consolidated Promissory Note, dated September 29, 2016, executed by Borrower (defined below), as maker, payable to the order of Original Noteholder (defined below), as payee, in the original principal amount of $25,000,000.00.

**"Borrower"** means LIC Hotel Property LLC, a New York limited liability company.

**"Original Noteholder"** means Basis Real Estate Capital II, LLC, a Delaware limited liability company.

[3] **"Loan Documents"** means the Loan Agreement (defined below), the Note, the Mortgage (defined below), and any and all other documents executed in connection therewith and/or relating in any way thereto.

**"Loan Agreement"** means that certain Loan Agreement, dated September 29, 2016, entered into by and between Borrower and Original Noteholder.

**"Mortgage"** means that certain Amended, Restated and Consolidated Mortgage and Security Agreement, dated effective September 29, 2016, executed and delivered by Borrower, as mortgagor, to Original Noteholder, as mortgagee, recorded as CRFN

LIC Hotel Property LLC
June 9, 2020
Page 2

Noteholder is the current owner of the Loan Documents. This Letter[4] supersedes any prior correspondence from Noteholder, and/or its respective agents and representatives.

<u>First</u>, this Letter constitutes written notice to Borrower of Borrower's default under the Loan Documents which is due to Borrower's failure to timely and properly pay all amounts required by the Loan Documents.

<u>Second</u>, on behalf of and at the request and direction of Noteholder, written demand is hereby made upon Borrower to pay to Noteholder on or before 12:00 p.m. (Dallas, Texas time) on June 30, 2020 (Tuesday) all amounts required by the Loan Documents. You may contact Mr. Ryan Stephens, Senior Asset Manager with Special Servicer, at (469) 749-2074 to determine the total amount due.

Third, if Borrower fails to timely and properly remit to Noteholder the amount demanded herein, <u>Noteholder may accelerate the maturity date of the Note</u> which will cause the outstanding principal balance of the Note, all accrued interest (contract and otherwise) and all other appropriate amounts due under the Loan Documents (including, without limitation, yield maintenance, default interest, late charges, attorney fees, costs of collection, etc.) to be immediately due and payable without further demand.

If the foregoing sums are not paid as required above, Borrower is further advised that Noteholder may exercise all other remedies available under the Loan Documents, at law and/or in equity, which will cause Noteholder to incur additional attorneys' fees and other amounts which, together with the remaining amounts due under the Loan Documents, may accrue interest for which Borrower, any guarantor, and/or any other obligated party may be liable. If the Property[5] is sold at judicial or nonjudicial foreclosure sale for an amount insufficient to satisfy all amounts due and owing under the Loan Documents, Borrower, and/or any guarantor or otherwise liable party, may be liable for the deficiency, subject to applicable limitations on liability (including, but not limited to, constitutional limitations, statutory limitations and/or any limitations on liability contained within the Loan Documents or applicable law).

All of Noteholder's claims, demands and accruals regarding the above described indebtedness, whenever made, and whether for principal, interest or otherwise, are intended to comply in all respects, both independently and collectively, with applicable usury laws, and are accordingly limited so that applicable usury laws are not violated.

Noteholder reserves the right to exercise, in such order as Noteholder elects, any one or more of the remedies available to Noteholder pursuant to the Loan Documents or otherwise at law and/or in equity (including, without limitation, actions to collect the rents and other income from the Property), and nothing contained in this Letter shall constitute a waiver of any rights of Noteholder to pursue such rights and remedies. Borrower shall not be entitled to expect an opportunity to cure any future default by reason of Noteholder's election to grant the cure periods set forth herein, and other than notices required in the Loan Documents, Borrower shall not be entitled to expect any additional notice of Borrower's failure to perform an obligation required by the Loan Documents by reason of Noteholder's election to provide the notices and specifications set forth in this Letter.

---

No. 20161000361142 in the Real Property Records in Queens County, New York, covering, among other things, the Property (defined below).

[4] "<u>Letter</u>" means this Notice of Default / Demand to Cure Letter.

[5] "<u>Property</u>" means that certain real property, personal property, and general intangibles described in the Mortgage.

Securitization: WFCM 2016-C36
Greystone Loan No.: 2314
Borrower: LIC Hotel Property LLC

Property: 39-06 30th Street, Long Island City, New York 11101 (Home 2 Suites by Hilton New York Long Island City Manhattan View)

LIC Hotel Property LLC
June 9, 2020
Page 3

      Borrower is hereby advised that negotiations, if any, between Noteholder and Borrower shall not constitute a waiver of Noteholder's right to exercise its rights and remedies under the Loan Documents or otherwise at law and/or in equity, including, but not limited to, those described in this Letter.  Any such waiver shall not be effective unless set forth in writing, duly executed by an authorized representative of Noteholder.  Borrower shall not be entitled to rely upon any verbal statements made or purported to be made by or on behalf of Noteholder in connection with any alleged agreement by or on behalf of Noteholder to refrain from exercising any of Noteholder's rights under the Loan Documents or otherwise at law or in equity.

      Neither this Letter nor any statement by or on behalf of Noteholder as to the amount due and owing under the Loan Documents shall constitute a waiver of any rights of Noteholder to collect any additional amounts to which Noteholder may be lawfully entitled pursuant to the terms of the Loan Documents or otherwise at law and/or in equity.  The specific enumeration of default(s) contained in this Letter shall not constitute a waiver of any other default(s) which may now or hereafter exist under the Loan Documents.

      **NOTEHOLDER IS ATTEMPTING TO COLLECT THE INDEBTEDNESS EVIDENCED BY THE LOAN DOCUMENTS AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

      To the extent your obligations have been discharged, dismissed, or are subject to an automatic stay of a bankruptcy order under Title 11 of the United States Code, this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect any such obligation.  This notice is given pursuant to 11 U.S.C. Section 362(b)11, if applicable.

      <u>To assert and protect your rights as a member of the armed forces of the United States, if you are or your spouse is serving on active military duty, including active military duty as a member of the New York National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately</u>.

      Sincerely,

      *Vivian M. Arias*

      Vivian M. Arias

cc:    Mr. Ryan Stephens (via email)
       Mark Weibel, Esq. (via email)

LIC Hotel Property LLC
June 9, 2020
Page 4

**FOR NOTICE PURPOSES ONLY**

| | |
|---|---|
| Samuel Klein<br>240-64 67th Avenue<br>Douglaston, New York 11362<br>(guarantor) | *VIA FEDEX NO. 770661970690*<br>*AND VIA FIRST CLASS CERTIFIED MAIL,*<br>*POSTAGE PREPAID, RETURN RECEIPT*<br>*REQUESTED NO. 70191120000059205231* |
| Jacob Rad<br>100 Amber Lane<br>Oyster Bay Cove, New York 11771<br>(guarantor) | *VIA FEDEX NO. 770662006248*<br>*AND VIA FIRST CLASS CERTIFIED MAIL,*<br>*POSTAGE PREPAID, RETURN RECEIPT*<br>*REQUESTED NO. 70191120000059205262* |
| Sheikh Partners PC<br>c/o Mandelbaum Salsburg PC<br>3 Becker Farm Road, Suite 105<br>Roseland, New Jersey 07068<br>Attention: Umar A. Sheikh, Esq. | *VIA FEDEX NO. 770662050266*<br>*AND VIA FIRST CLASS CERTIFIED MAIL,*<br>*POSTAGE PREPAID, RETURN RECEIPT*<br>*REQUESTED NO. 70191120000059205224* |
| Umar A. Sheikh<br>Sheikh Partners PC<br>2 Tower Center Blvd., 19th Floor<br>East Brunswick, New Jersey 08816 | *VIA FEDEX NO. 770662095618*<br>*AND VIA FIRST CLASS CERTIFIED MAIL,*<br>*POSTAGE PREPAID, RETURN RECEIPT*<br>*REQUESTED NO. 70191120000059205255* |